IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| Inez Sanders, Dorothy Newsome, Garlan Harper, Rita Harper, James Wall, Individually and on Behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>Norfolk Southern Corporation, a Virginia Corporation; Mike Ford; and James Thornton,<br><br>        Defendants. | C/A No. 1:08-2398-MBS<br><br><br><br><br><br><br>**O R D E R** |

Plaintiffs Inez Sanders, Dorothy Newsome, Garlan Harper, Rita Harper, James Wall, individually and on behalf of all others similarly situated, filed a third amended complaint in state court on or about June 6, 2008. On July 1, 2008, Defendant Norfolk Southern Corporation ("Norfolk Southern") removed the action pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1453(b) and 1332(d)(2). A fourth amended complaint was filed on February 25, 2009.

This matter is before the court on Norfolk Southern's motion to dismiss for failure to state a claim, which motion was filed March 11, 2009 (Entry 42). See Fed. R. Civ. P. 12(b)(6). Plaintiffs filed a response in opposition on April 14, 2009, to which Norfolk Southern filed a reply on April 24, 2009. The court held a hearing on May 26, 2009. The court has considered the pleadings, motion, memoranda, arguments of counsel, and applicable law. The court concludes that Norfolk Southern's motion to dismiss should be granted.

I. FACTS

The within action arises out of a train derailment that took place on property of Avondale Mills in Graniteville, South Carolina, on January 6, 2005. As a consequence of the derailment, a tanker car containing chlorine ruptured. Chorine gas settled on the surrounding areas, causing personal injury and property damage. In prior litigation, Norfolk Southern has admitted simple negligence on the part of its crew members.

According to Plaintiffs, they began receiving information regarding the derailment at around 5:00 a.m. when the local media began broadcasting news coverage. Entry 37, ¶ 29(c). Plaintiffs allege that they received evacuation, shelter-in-place, and curfew messages from the media, safety officers, and/or the reverse-911 emergency notification system. Entry 37, ¶ 30. A one-mile mandatory direct evaluation order, two-mile shelter-in-place order, and two-mile curfew from 6:00 p.m. to 7:00 a.m. was put into effect at 2:30 p.m. approximately eight and one-half hours later. Id. at ¶ 29(h). Plaintiffs allege that they reasonably believed that they might be in the path of chlorine gas. Id. Plaintiffs state that they were unaware that the mandatory evacuation zone encompassed only a one-mile radius of the derailment site, and that the mandatory curfew was imposed by governmental authorities for persons living within a one- to two-mile radius of the derailment site. Id., ¶¶ 31, 32.

Plaintiffs seek to certify a class a persons who were inconvenienced in or deprived of the free use of their property located in a five-mile radius of the chlorine release on and after January 6, 2005, and whose claims were not encompassed in prior class actions or individual settlements with Defendants. Plaintiffs propose subclasses consisting of (1) persons and entities with a possessory interest in property within the radius, who on or after January 6, 2005, left their property as a result

2

of the chlorine release; (2) all persons and entities with a possessory interest in property within the radius who on January 6, 2005, were told to shelter in place and remained in their homes or locations as a result of the chlorine release; and (3) all persons and entities with a possessory interest in property within the radius who on January 6, 2005, were subject to curfew as a result of the chlorine release. Plaintiffs do not seek damages for personal injury. Id., ¶ 12. There is no evidence that chlorine gas actually invaded their property. Rather, the gravamen of Plaintiffs' complaint is that Defendants' conduct caused "chaos, fear, evacuation, chemical exposure and other damages," Entry 37, 1, and they evacuated their residences as a direct result of a perceived risk of harm from the chlorine chemical release. See id., ¶¶ 3, 4, 5. Plaintiffs seek, among other things, monetary damages to compensate for their property loss, evacuation costs, and loss of use and enjoyment of their property. Plaintiffs assert causes of action for nuisance (Count One), negligence (Count Two), and strict liability (Count Three). Plaintiffs also seek punitive damages and attorneys' fees.

## II. DISCUSSION

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Smith v. McCarthy, 2009 WL 3451714, *2 (4th Cir. Oct. 28, 2009) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). However, to survive a Rule 12(b)(6) motion, "'[f]actual allegations must be enough to raise a right to relief above the speculative level,' with the complaint having 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "'[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are insufficient." Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

3

(2009). A complaint may survive a motion to dismiss only if it "'states a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" Id. (quoting Ashcroft at 129 S. Ct. at 1950.

Law/Analysis

A.  Nuisance

Norfolk Southern asserts that Plaintiff's nuisance claim fails because Plaintiffs have not demonstrated special injury or a substantial interference with the use of their land. The court agrees.

Nuisance law is based on the premise that "'[e]very citizen holds his property subject to the implied obligation that he will use it in such a way as not to prevent others from enjoying the use of their property.'" FOC Lawshe Ltd. P'ship v. Int'l Paper Co., 574 S.E.2d 228, 231 (S.C. Ct. App. 2002) (quoting Clark v. Greenville County, 437 S.E.2d 117, 119 (S.C. 1993)). A nuisance is "'anything [that] works hurt, inconvenience, or damages; anything [that] essentially interferes with the enjoyment of life or property.'" Strong v. Winn-Dixie Stores, Inc., 125 S.E.2d 628, 632 (S.C. 1962) (quoting State v. Columbia Water Power Co., 63 S.E. 884 (S.C. 1909)). Plaintiffs contend that they have properly alleged both a public nuisance and a private nuisance.

A public nuisance exists wherever acts or conditions are subversive of public order, decency, or morals, or constitute an obstruction of public rights. State v. Turner, 18 S.E.2d 372, 375 (S.C. 1942) (quoting 20 R.C.L. (Nuisances), § 7, p. 384). In order to prevail in a private cause of action for a public nuisance, a plaintiff must allege direct and special damages different in kind from what the public may sustain. Huggin v. Gaffney Dev. Co., 92 S.E.2d 883, 884 (S.C. 1956) (quoting Gray & Shealy v. Charleston & W.C.R. Co., 62 S.E. 442, 443 (1908)). The special injury requirement necessary for an individual to maintain a cause of action for public nuisance is satisfied only by

4

injury to the individual's real or personal property. Overcash v. S.C. Elec. & Gas Co., 614 S.E.2d 619, 622 (S.C. 2005). In the court's view, Plaintiffs have demonstrated no such injury, and cannot demonstrate any such injury because there is no evidence that their real and personal property was directly impacted or invaded by the chlorine gas.

A private nuisance is that class of wrongs that arises from the unreasonable, unwarrantable, or unlawful use by a person of his own property, personal or real. O'Cain v. O'Cain, 473 S.E.2d 460, 466 (S.C. Ct. App. 1996) (citing Clark, 437 S.E.2d at 119)). Typically, a nuisance implies continuity of action over a period of time. Green v. Blanton, 362 S.E.2d 179, 181 (S.C. Ct. App. 1987). See, e.g., Conestee Mills v. City of Greenville, 158 S.E. 113 (S.C. 1931) (discussing foul odors and vapors resulting from repeated discharge of untreated sewage into river); Woods v. Rock Hill Fertilizer Co., 86 S.E. 817 (S.C. 1915) (finding cognizable cause of action for private nuisance allegedly caused by years of "obnoxious odor, flying dust, and grit" from fertilizer mixing plant near plaintiff's residence); Hedgepath v. American Tel. & Tel. Co., 559 S.E.2d 327 (S.C. Ct. App. 2001) (discussing nuisance allegedly caused by long-term pollution from secondary copper reclamation facility). However, if a single act produces a continuing result the offense may be complete without a recurrence of the act. Green, 362 S.E.2d at 181 (quoting Gray v. Southern Facilities, Inc., 183 S.E.2d 438, 443 (S.C. 1971) (discussing cotton left smoldering on lot for about thirty days, which caused family to leave home near dump site to escape smoke).

In this case, Plaintiffs have failed to demonstrate a substantial interference with their use and enjoyment of their property from the single act of the derailment and resulting release of chlorine gas. The threat of chorine exposure and confusion subsequent to the derailment impacted Plaintiffs for only a number of hours. Assuming for purposes of the motion to dismiss that the threat of

5

exposure to a harmful substance constitutes an unwarranted interference with the use of property, the interference was not substantial.

The court concludes that Plaintiffs have not stated a plausible claim for relief that permits the court to infer more than the mere possibility of misconduct based upon its judicial experience and common sense. Norfolk Southern's motion to dismiss is granted as to this issue.

B.     Negligence

Norfolk Southern asserts that the second cause of action for negligence should be dismissed because Defendants owed no duty to Plaintiffs. The court agrees.

To prevail on a cause of action for negligence, a plaintiff must establish: (1) a duty owed to the plaintiff by the defendant, (2) a breach of that duty by the defendant, and (3) damages proximately resulting from the breach of duty. Hubbard v. Taylor, 529 S.E.2d 549, 552 (S.C. Ct. App. 2000) (citing cases). A legal duty of care owed by the defendant to the plaintiff must exist to maintain an action for negligence. Id. (citing Bishop v. S.C. Dep't of Mental Health, 502 S.E.2d 78, 81 (S.C. 1998)). The duty of care is that standard of conduct the law requires of an actor to protect others against the risk of harm from his actions. Bailey v. Segars, 550 S.E.2d 910, 913 (S.C. Ct. App. 2001) (citing Carter v. R.L. Jordan Oil Co., 365 S.E.2d 324, 329 (S.C. Ct. App. 1998), rev'd on other grounds, 385 S.E.2d 820 (S.C. 1989)). The existence of a duty owed is a question of law for the courts. Doe v. Marion, 605 S.E.2d 556, 560 (S.C. Ct. App. 2004) (citing Doe v. Batson, 548 S.E.2d 854, 857 (S.C. 2001)).

The duty owed by Defendants at the time of the derailment on January 6, 2005 extended to those persons in Graniteville who resided, worked, or possessed property within the area encroached upon by chlorine gas. In this case, Plaintiffs resided in Graniteville, but they resided at too great a

distance from the derailment cite to suffer property damage or personal injury attributable to exposure to the chlorine. Simply put, Plaintiffs were not in the "zone of danger" created by Defendants' acts on or about January 6, 2005. See F. Patrick Hubbard & Robert L. Felix, the South Carolina Law of Torts, 44, n. 15 (3d ed. 2004) (citing Palsgraf v. Long Island R.R., 162 N.E. 99 (N.Y. 1928)). As a general principle, plaintiffs who suffer economic loss, but who have no direct physical injury and no direct relationship with the defendant, may not recover. Id. at 49. The concept of duty in tort liability is not to be extended beyond reasonable limits. South Carolina State Ports Auth. v. Booz-Allen & Hamilton, Inc., 346 S.E.2d 324, 326 (S.C. 1986).

In this case, Plaintiffs suffered no physical injury, nor was their property impacted by the chlorine gas. The court concludes that Plaintiffs have not stated a plausible claim for relief that permits the court to infer more than the mere possibility of misconduct based upon its judicial experience and common sense. Norfolk Southern's motion to dismiss is granted as to this issue.

C.  Strict Liability

Norfolk Southern contends that Plaintiffs' third cause of action for strict liability is preempted by federal law. The court agrees. The court previously has determined that strict liability causes of action regarding transportation of hazardous materials are preempted by the Hazardous Materials Transportation Act and Federal Railroad Safety Act. See, e.g., Avondale Mills, Inc. v. Norfolk Southern Corp., C/A No. 1:05-2817-MBS (motion for partial summary judgment granted as to negligence and strict liability causes of action relating to transportation of chlorine). Norfolk Southern's motion to dismiss is granted as to this cause of action.

III. CONCLUSION

For the reasons stated, Norfolk Southern's motion to dismiss (Entry 42) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

January 20, 2010.